IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00401-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     KATHERINE NOLAND,

    Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

COMES NOW the United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 982(a)(1), Rule 32.2(b) of the Federal Rules of Criminal Procedure, and incorporating the Plea Agreement entered into with defendant Katherine Noland, and moves this Court to enter a Preliminary Order of Forfeiture in this case forfeiting to the United States all of the defendant's right, title and interest in all property, real or personal, involved in such offenses, or all property traceable to such property as a result of the Counts of conviction, including the following:

    a.    $12,410.00 in United States currency;

    b.    64.99255187 Bitcoins;

    c.    Microsoft Surface computer, serial number 017420742153;

    d.    Samsung Galaxy Note 3, serial number 256691512400004648;

1

    e. Mac Book Air computer, serial number C02G9BV8DJYC; and

    f. Apple IPhone 4S, serial number BCG-E2430A;

and directing the United States, or its designated sub-custodian to seize the property subject to forfeiture, and to publish notice of the forfeiture. In support, the United States sets forth the following:

## I. Procedural Background

1. On October 7, 2014, the grand jury charged defendant Katherine Noland in Counts One and Two with violations of 18 U.S.C. § 1956(a)(3)(B) and (C) and 18 U.S.C. § 1960. (Doc. 1).

2. The Indictment also sought forfeiture of any and all of the defendant's right, title, and interest in all property, real or personal, involved in, or all property traceable to such property, as a result of the crimes of money laundering and operating an unlicensed money transmitting business, as a result of the offenses charged in Counts One and Two.

3. On March 27, 2015, the United States and defendant Katherine Noland entered into a Plea Agreement. (Doc. 48). The Plea Agreement provided that defendant Katherine Noland would plead guilty to Count Two, Operation of an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960. The Court accepted defendant Katherine Noland's plea of guilty on the same day.

4. The defendant also agreed to forfeit all right, title and interest in the property described above. The United States and the defendant agree that an ample basis exists for an order of forfeiture pursuant to 18 U.S.C. § 982(a)(1).

## II. Legal Argument

5. Pursuant to 18 U.S.C. § 982(a)(1), the Court shall order criminal forfeiture of any property, real or personal, involved in, or any property traceable to such property in violation of 18 U.S.C. § 1960.

6. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 982(a)(1) as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).[1]

7. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B); *see also United States v. Shakur*, 691 F.3d 979, 988-89 (8th Cir. 2012) (criminal forfeiture was reversed for a violation of procedural due process violation when no preliminary order of forfeiture was entered and noting that it must be entered before sentencing).

8. As set forth in the Plea Agreement, the defendant and the United States agree the requisite nexus exists between the property and the offense to which defendant Katherine Noland has pleaded guilty.

---

[1] Pursuant to Federal Rule of Criminal Procedure 32.2(e)(1), the government may also file a motion to amend an existing order of forfeiture at any time to include property that is subject to forfeiture under the existing order, but was located and identified after the order was entered, or is substitute property.

9.      Accordingly, the defendant's interest in the above described property should be entered pursuant to 18 U.S.C. § 982(a)(1).

10.     A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 14th day of May, 2015.

                Respectfully submitted,

                JOHN F. WALSH
                United States Attorney

By: s/ *Laura B. Hurd*
     Laura B. Hurd
     Assistant U.S. Attorney
     U.S. Attorney's Office
     1225 Seventeenth Street, Ste. 700
     Denver, Colorado 80202
     Telephone: (303) 454-0100
     E-mail: laura.hurd@usdoj.gov
     *Attorney for the United States*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of May, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

                                  s/ Raisa Vilensky
                                  FSA Data Analyst
                                  Office of the U.S. Attorney